dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, McCarthy, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ PHILIP F. WOLFF, Appellant, v ELLY V. MAHRER, Individually and as Executor of F. JOHN MAHRER, Deceased, Respondent. (Appeal No. 2.) [709 NYS2d 310] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a low-speed automobile collision. On appeal from a judgment in favor of defendant based on a jury verdict finding that plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]), plaintiff contends that Supreme Court should have set aside the verdict and granted a new trial in the interest of justice on the ground that defendant's attorney improperly questioned witnesses concerning prejudicial matters.

Questions asked by defendant's attorney of his own witnesses concerning plaintiff's reputation for truth and veracity were proper (*see,* Prince, Richardson on Evidence §§ 6-402—6-405 [Farrell 11th ed]), as were questions asked of plaintiff on cross-examination. A witness may be impeached by questioning concerning any prior immoral, vicious, or criminal acts that may show him to be unworthy of belief (*see, Badr v Hogan,* 75 NY2d 629, 635; *see generally,* Prince, Richardson on Evidence, *op. cit.,* §§ 6-406, 6-407). Questions asked by defendant's attorney in cross-examining plaintiff's witness were likewise proper. Evidence of the character of a party or witness is generally inadmissible in a civil action (*see, O'Connell v Jacobs,* 181 AD2d 1064, *affd* 81 NY2d 797; *Noonan v Luther,* 206 NY 105, 108), and questions concerning prior bad acts generally may not be asked of a witness other than the one who committed those acts (*see, Badr v Hogan, supra,* at 635). Here, however, defendant's attorney properly inquired whether the witness was aware of plaintiff's prior bad acts in an effort to impeach the witness's testimony, elicited over defendant's objection, concerning plaintiff's good character and reputation for truth and veracity (*see, People v Garrick,* 246 AD2d 478, *lv denied* 92 NY2d 852; *cf., Taylor v Heft,* 150 App Div 509, 513). (Appeal from Judgment of Supreme Court, Oneida County, McCarthy, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ DEBRA GOODWIN et al., Respondents, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant, and KAY M. EDDY,

Appellant. (Appeal No. 1.) [710 NYS2d 284] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Cattaraugus County, Cosgrove, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ DEBRA GOODWIN et al., Respondents, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant, and KAY M. EDDY, Appellant. (Appeal No. 2.) [710 NYS2d 286] —Amended order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Cosgrove, J. (Appeal from Amended Order of Supreme Court, Cattaraugus County, Cosgrove, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.

■ In the Matter of JOSE J. SANTIAGO, Petitioner, v WILLIAM H. BRISTOL, as Monroe County Court Judge, Respondent, and GANNETT Co. et al., Intervenors-Respondents. [709 NYS2d 724] —Petition unanimously granted without costs and judgment granted in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, judgment prohibiting respondent from enforcing his order declaring Civil Rights Law § 52 unconstitutional pursuant to NY Constitution, article I, § 8 and permitting audiovisual coverage of petitioner's trial. Pending before respondent is an indictment charging petitioner with murder in the first degree and other crimes arising from an incident in Rochester on March 1, 1999, and the District Attorney seeks the death penalty. Prior to trial, several Rochester television stations and the Gannett Co., Inc. (intervenors) moved to intervene for the purpose of obtaining an order permitting audiovisual coverage of the trial. Petitioner and the District Attorney opposed the motion, arguing, *inter alia*, that such coverage is prohibited by Civil Rights Law § 52. Among other things, petitioner alleges herein that respondent acted in excess of his authority in granting the motion to intervene. We stayed respondent's order, thus permitting the trial to proceed without audiovisual coverage pending final determination of this proceeding.

Initially, we reject intervenors' contention that petitioner has an adequate remedy at law and thus that the petition should be dismissed. Although an appeal following a conviction would bring up for review the contention that audiovisual coverage denied petitioner a fair trial (*see, Chandler v Florida,* 449 US 560, 581), it would not address the issue presented herein, whether respondent exceeded his authority in permitting the media to intervene over the objection of petitioner and